**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30750
Summary Calendar

CHARLOTTE ADAMS,

Plaintiff-Appellant,

VERSUS

ST TAMMANY FIRE PROTECTION DISTRICT #12,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans
District Court No. 99-CV-2983-J

January 2, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Charlotte Adams filed suit against St. Tammany Fire Protection District #12 pursuant to 42 U.S.C. § 1983, claiming that the termination of her employment with Fire District #12 violated her First and Fourteenth Amendment due process rights. The district court granted summary judgment for defendant and Adams appealed.

Adams was admonished orally by her supervisor that her job performance during the Hurricane Georges emergency was unacceptable

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and was allowed to respond to his concerns.  The Fire District #12 administrator also advised Adams in a letter dated October 8, 1998, that the Board of Commissioners of Fire District #12 would meet to discuss her job performance during the emergency and that she could attend should she choose to do so.  The Board terminated her employment by unanimous vote during that meeting, which Adams did not attend.  Adams took no further action until she filed the present lawsuit more than a year later.

Adams claims that she was denied her rights to due process under Louisiana's civil service scheme because of "insufficient/ unreasonable notice."  Assuming, without deciding, that Adams's summary judgment evidence created a genuine issue of material fact concerning whether or not she was a civil service employee, we nonetheless affirm, because she waived any due process claims she may have had by failing entirely to avail herself of Louisiana's pre-termination and post-termination administrative remedies.  *See* LA. REV. STAT. ANN. § 33:2560-2561 (West 1988 & West Supp. 2000); *see also Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985)(pre-termination notice and hearing need not be elaborate to satisfy due process, especially when coupled with state law provisions for post-termination review).

AFFIRMED.